991 So.2d 637 (2008)
James RODGERS a/k/a James Walter Rodgers, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CA-00348-COA.
Court of Appeals of Mississippi.
April 22, 2008.
Rehearing Denied July 29, 2008.
Certiorari Denied October 2, 2008.
John Leroy Long, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
*638 Before MYERS, P.J., GRIFFIS and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. James Rodgers a/k/a James Walter Rodgers was convicted of the murder of Walter Stolz and was sentenced to life in the custody of the Mississippi Department of Corrections. Rodgers subsequently filed a post-conviction relief motion, asking: (1) whether the circuit court erred by finding Rodgers competent to stand trial, (2) whether a meaningful retrospective competency hearing is possible, and (3) whether the circuit court erred by failing to order a new trial because of the failure by all parties to disclose all relevant medical information regarding Rodgers to the circuit court prior to trial.

FACTS
¶ 2. Rodgers was indicted for murder on January 29, 1999. Rodgers's previous counsel, John D. Weddle, filed a pretrial motion for a psychiatric examination of Rodgers to be completed by Rodgers's personal physician, Dr. William Walker, Jr. The circuit court granted the pretrial motion, and Rodgers was taken to the Veteran's Hospital in Memphis, Tennessee for the examination. Although Rodgers was examined by Dr. Walker, a complete psychiatric examination was never performed to determine Rodgers's competence at the time of the alleged act or to access Rodgers's mental competence to stand trial. Rodgers informed his previous counsel, Weddle, that he wished to proceed to trial without the psychiatric evaluation. Rodgers was subsequently convicted of Stolz's murder.
¶ 3. Weddle testified at the subsequent evidentiary hearing held on December 12, 2006, that Rodgers elected to proceed to trial without the psychiatric evaluation. It was Weddle's testimony that he and Rodgers, after a discussion as to possible defenses, determined that a psychiatric evaluation was unnecessary. Weddle testified that as a result, he swore an affidavit stating that Rodgers was within his facilities and capacities to assist counsel and proceed to trial. Weddle testified that he based his conclusion on the fact that Rodgers was able to effectively communicate with him, relate his theory of defense, and identify possible witnesses that could be called to aid in his defense. Weddle testified that he personally never had reservations that Rodgers would be unable to effectively communicate and assist him at trial. Weddle testified further that Rodgers understood the charges against him and was easily able to recall relevant facts. Weddle additionally acknowledged at the evidentiary hearing that Rodgers, in fact, testified at trial, relating his version of the facts to the jury. Weddle related that he had no reservations about going forward to trial without the examination.
¶ 4. After the evidentiary hearing to determine whether Rodgers was competent at the time of trial, the circuit court subsequently found that Rodgers had the capacity to understand the proceedings and also was able to adequately assist his counsel. The circuit court stated its basis for the findings by acknowledging its review of the trial transcript, testimony from Rodgers's former counsel, and the lower court's evaluation of Rodgers's overall demeanor throughout the entire murder trial. The circuit court also noted that Rodgers and Weddle discussed the defense of insanity and competency to stand trial. The circuit court recognized that Weddle's testimony established that Rogers decided instead to rely on a theory of self-defense or accident, which was the theory Weddle presented at trial. The circuit court, therefore, denied Rodgers's relief, finding that he was competent to stand trial.

*639 PROCEDURAL HISTORY
¶ 5. Rodgers was convicted of Stolz's murder and sentenced to life in the custody of the Mississippi Department of Corrections. His conviction was subsequently affirmed on direct appeal by the Mississippi Supreme Court.
¶ 6. Rodgers subsequently filed a post-conviction relief motion, which was granted by the Mississippi Supreme Court. The Mississippi Supreme Court ordered the Circuit Court of Lee County to conduct an evidentiary hearing to determine whether Rodgers was competent to stand trial. Rodgers thereafter filed a motion to determine the efficiency and accuracy of a retrospective competency determination. Rodgers also filed a motion to vacate and set aside sentence following a retroactive competency determination by the circuit court. The evidentiary hearing was held by the circuit court on December 12, 2006, to determine whether Rodgers was, in fact, competent to stand trial on February 16, 2000. The circuit court, after its review of the affidavit of Rodgers's previous trial counsel and the trial transcript, determined that Rodgers was competent to stand trial. The circuit court held that, according to Medina v. California, 505 U.S. 437, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992), there were two basic requirements to establish a defendant's competency to stand trial. The defendant must have capacity to understand the proceedings and also to assist his counsel at trial. The circuit court held that Rodgers had the capacity to understand the court proceedings and was also able to adequately assist his counsel at trial. The circuit court based its findings on the testimony of Rodgers's previous trial counsel, Weddle. It is from this ruling that Rodgers now appeals.

STANDARD OF REVIEW
¶ 7. An appellate court will not overturn a circuit court's determination that a defendant is competent to stand trial unless "that finding was `manifestly against the overwhelming weight of the evidence.'" Bridges v. State, 807 So.2d 1228, 1230(¶ 10) (Miss.2002) (quoting Emanuel v. State, 412 So.2d 1187, 1188-89 (Miss.1982)).

DISCUSSION

WHETHER THE CIRCUIT COURT ERRED IN DETERMINING THAT RODGERS WAS COMPETENT TO STAND TRIAL AND WHETHER THE CIRCUIT COURT ERRED BY FAILING TO CONSIDER IF A MEANINGFUL RETROSPECTIVE HEARING IS POSSIBLE.
¶ 8. Rodgers argues that the circuit court erred in holding that he was competent to stand trial. Rodgers also argues that the circuit court erred in failing to determine whether a meaningful retrospective competency hearing was possible after the passage of time and without additional medical information. Rodgers further argues that the lack of all the relevant medical information prevented the circuit court from making an adequate determination as to his competency to stand trial.
¶ 9. The State argues that Rodgers failed to meet his burden of establishing, by a preponderance of the evidence, that he was incompetent to stand trial. Ross v. State, 954 So.2d 968, 1007(¶ 90) (Miss. 2007). The State also argues that the evidence presented at the evidentiary hearing to determine competency further demonstrated that Rodgers was competent to stand trial; therefore, the circuit court's ruling is overwhelmingly supported by the evidence.
*640 ¶ 10. The State additionally contends that since the circuit court conducted the evidentiary hearing to determine whether Rodgers was competent by order of the Mississippi Supreme Court, the issue of whether the circuit court erred in failing to determine the efficiency of the hearing is a "non sequitur."
¶ 11. In order for a defendant to be competent to stand trial, the defendant must be one:
(1) who is able to perceive and understand the nature of the proceedings; (2) who is able to rationally communicate with his attorney about the case; (3) who is able to recall relevant facts; (4) who is able to testify in his own defense if appropriate; and (5) whose ability to satisfy the foregoing criteria is commensurate with the severity of the case.
Martin v. State, 871 So.2d 693, 697(¶ 17) (Miss.2004) (quoting Howard v. State, 701 So.2d 274, 280(¶ 18) (Miss.1997)). When competency of a defendant is raised as an issue, a trial court must conduct a hearing "to determine whether there is a probability that the defendant is incapable of making a rational defense." Bridges, 807 So.2d at 1230(¶ 10). In Emanuel, 412 So.2d at 1188-89, the Mississippi Supreme Court established the procedure for making a competency determination. "In this initial inquiry, the trial judge must weigh the evidence and be the trier of the facts." Martin, 871 So.2d at 698(¶ 17) (quoting Emanuel, 412 So.2d at 1188-89). If the trial court determines "that `there is not sufficient proof to show a probability that defendant is incapable of conducting a rational defense ... [the] case may then proceed to trial on the merits.'" Bridges, 807 So.2d at 1230(¶ 10) (quoting Emanuel, 412 So.2d at 1188-89).
¶ 12. As stated earlier, an appellate court will only overturn a trial court's determination that a defendant is competent to stand trial when "that finding was `manifestly against the overwhelming weight of the evidence.'" Id. In fact, "[t]he evidence must show more than a possibility that defendant is incompetent to stand trial." Id.
¶ 13. Here, at the initial trial, Rodgers did request a psychiatric evaluation, which was granted by the circuit court. However, the psychiatric evaluation was never completed due to Rodgers's and his trial counsel's decision to waive that issue at trial. Neither Rodgers's trial counsel nor the circuit court judge found a reason or concern to question this decision to proceed without examination. Rodgers instead pursued another theory in his defense and testified at trial in furtherance of his theory, but he was subsequently convicted of murder. The Mississippi Supreme Court granted Rodgers's request to conduct an evidentiary hearing for the limited matter of determining whether he was competent to stand trial. The circuit court conducted this hearing, pursuant to the Mississippi Supreme Court's order, and determined that Rodgers was, in fact, competent to stand trial. Testimony revealed that neither Rodgers's trial counsel, nor the judge, found any reasonable probability that Rodgers was not competent to stand trial. The circuit court found that there was not a reasonable "probability that the defendant [was] incapable of making a rational defense." Bridges, 807 So.2d at 1230(¶ 10). Therefore, the circuit court dismissed Rodgers's petition for relief.
¶ 14. From this Court's review of the record, we cannot find that the circuit court's ruling was "manifestly against the overwhelming weight of the evidence." Id. (quoting Emanuel, 412 So.2d at 1188-89). Therefore, we affirm the circuit court's dismissal of the post-conviction motion for relief.
*641 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.